IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BURL ANDERSON HOWELL | ) | |
| | ) | |
| Movant, *pro se* | ) | |
| | ) | |
| VS. | ) | |
| | ) | Civil Action No. _____ |
| STATE OF DELAWARE | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |
| | ) | |

FILED
MAR 1 2 2008
DENNIS P. IAVARO
US DISTRICT COURT
BY_____

## MOTION TO VACATE JUDGMENT OF CONVICTION AND SENTENCE FOR VIOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED STATES

Burl Anderson Howell (hereinafter, "Defendant"), pursuant to 28 U.S.C. § 1651(a), asks the Honorable Court to issue a remedial writ in the nature of a writ of *coram nobis*[1] to vacate the judgment of conviction and sentence imposed upon him by the Superior Court of Kent County in and for the State of Delaware on Jan. 21, 1999, herein alleged to have been imposed in violation of the Constitution or laws of the United States.

PROCEDURAL HISTORY:

(1) On Nov. 23, 1994, the felony defendant, with no prior criminal record of any felony or misdemeanor conviction and none afterward, assisted by court-appointed counsel, pleaded guilty in Superior Court of Kent County in and for the State of Delaware, was convicted and originally

---

[1] "Issuance by a Federal District Court of a writ of error *coram nobis* is authorized by the All-Writs Section, 28 U.S.C. 1651(a); and power to issue the writ comprehends the power of the District Court to grant this motion in the nature of *coram nobis*." United States v. Morgan, 346 U.S. 502, 506-510 (1954). It is akin to Habeas Corpus for one "no longer in custody." *Id.* at 505.

sentenced to serve a year of incarceration, which sentence was suspended for a year of probation in IK94-03-0103 for Second Degree Forgery,[2] to be served consecutively to a similar penalty for Second Degree Perjury[3] in IK94-07-0107, in the same proceeding. *See*, Sentence, of Record.

(2) The only other penalty that the court was required as a matter of law[4] to impose to end the litigation between the parties on the merits of the case was restitution following pre-sentence investigation. *See,* Plea Agreement, of Record.

(3) On Apr. 24, 1995, the defendant was re-summoned with court-appointed counsel and sentenced to pay the Estate of Kenneth D. Howell thirty-three thousand five hundred fifty-seven dollars and ten cents ($33,587.10) in restitution. *See,* Modified Sentence, of Record.

(4) The defendant's court-appointed counsel, David Jones, Esq., filed a motion to correct only the amount of restitution owed. *See*, Commissioner's Report and Recommendations, Freud, Comm'r, pg. 2 (Nov. 20, 2006), of Record.

(5) On Jan. 27, 1997, the defendant was re-summoned with court-appointed counsel and re-sentenced to pay restitution to the Estate of Kenneth D. Howell to the lesser extent of sixteen thousand forty dollars and forty cents ($16,040.40). *See,* Order, of Record.

(6) There was no appeal[5] of the restitution sentence that was imposed on Jan. 27, 1997.

---

[2] *See*, 11 Del. C. § 861 [Second Degree Forgery].

[3] *See*, 11 Del. C. § 1222 [Second Degree Perjury].

[4] Restitution for forgery is mandatory. *See*, 11 Del. C. § 861(c)("In addition to any other penalty provided by law for violation of this section, the court shall require a person convicted of a violation of this section to make restitution to the party or parties who suffered loss as a result of such forgery."). Mandatory restitution is to be imposed in a manner authorized by 11 Del. C. § 4106. *See*, Redick v. State, 858 A.2d 947 (Del. 2004).

[5] Pursuant to Delaware rule, "[a] judgment of conviction is final ... [i]f the defendant does not file [an] appeal, 30 days after the Superior Court imposes sentence." Sup. Ct. Crim.R.61(m).

(7) On Jan. 21, 1999, almost two (2) years from the date of the last sentence[6] in the case, the court again sentenced the Defendant, but absent, who received no actual notice to appear nor any assistance, effective or otherwise, from previously court-appointed counsel as a constructive notice to appear, nor any assistance in any other form or manner whatever, such as to ensure that the newly requested sentence was not based on misinformation, or a misreading of court records, or to ensure that certain rights, such as protection against the action of the same court in inflicting punishment twice for the same offense, and the right to appeal, could be seasonably asserted, and to afford the Defendant the substantial assistance that was necessary in various other situations at that critical stage of the prosecution pursuant to Mempa v. Rhay, 389 U.S. 128 (1967).

(8) Without informing the Defendant of the aforesaid imposition of sentence, the State of Delaware Court Collections Enforcement asked the Defendant on Jan. 2, 2001 to sign a Payment Agreement for eleven dollars ($11.00) a month pending decision on his Social Security Disability Application which he agreed to do to avoid contempt. See, Letter from State of Delaware Court Collections Enforcement attached to Motion To Vacate Revised Order For Restitution, filed Dec. 15, 2005, of Record.

(9) During payment of restitution as agreed the Defendant received a Letter from the said state agency notifying him to come to court on Oct. 20, 2004 to discuss why the payment amount should not be raised, but "[t]his hearing was continued because Howell alleged that this was the first time he had become aware of the January 21, 1999 Revised Order of Restitution transferring the payment of the restitution to Warren." See, Commissioner's Report and Recommendations, Freud, Comm'r, pg. 4 (Nov. 20, 2006), of Record

---

[6] In the State of Delaware, "Immediately upon imposition by a court, ... of any sentence to pay ... restitution ... the same shall be a judgment against the convicted person .... Such judgment shall be immediately executable [and] enforceable .... " 11 Del. C. § 4101(b).

(10) On Dec. 15, 2005, the Defendant, *pro se*, filed a *Motion to Vacate the Revised Order of Restitution* under Superior Court Criminal Rule 35(a) for correction of an illegal sentence, in which he specifically claimed that "these rights should be observed under the applicable Rules before restitution can be ordered to ensure defendant is not prejudiced by illegal deprivation of property in violation of State and Federal Due Process and Equal Protection[,]" *Motion*, at p.10, however, a Commissioner of the Kent County Superior Court ignored the federal constitutional jurisdictional claims to notice and right to counsel specifically mentioned in said *Motion*, at pgs. 5, 9-10, the loss of jurisdiction by finality on pg. 1, however inartfully pleaded, and a claim on pgs. 11-12, that Margaret Ann Warren and her attorney, William M. Chasanov, had committed fraud upon the court causing the judgment sought to be enforced to be void, and recommended "that the Court deny Howell's motion." Commissioner's Report and Recommendations, Freud, Comm'r, pg. 5 & 7 (Nov. 20, 2006), of Record.

(11) On Feb, 8, 2007, the motion was denied. See, Order, Young, J., of Record.

(12) A petition for a writ of *certiorari* was dismissed upon procedural grounds. *See*, In the Matter of the Petition of Burl A. Howell For a Writ of Certiorari, No. 126, Order, pgs. 2-3, paras. 3-5 (Del. Supr. Ct., JJ., Berger, Steele & Jacobs, Apr. 16, 2007).

(13) U.S. Sup. Ct. denied cert. at: http://www.supremecourtus.gov/docket/06-10781.htm.

LEGAL ARGUMENT AND AUTHORITIES IN SUPPORT:

(14) The Defendant is not currently in custody to meet the custody requirement for filing a petition for writ of *habeas corpus* in federal court under 28 U.S.C. § 2254, and rules governing applications seeking to set aside a conviction or sentence in Delaware specifically provide that a petition for post-conviction relief, also requiring that the Defendant be in custody, be the sole or

exclusive remedy but that such petition is barred if filed more than three (3) years after judgment of conviction is final. *See,* Superior Court Criminal Rule 61(i)(1).

(15) Continuation of litigation after exhaustion or waiver of any statutory right of review should be permitted through the extraordinary remedy of *coram nobis* only under circumstances compelling such action to achieve justice. *See, e.g.,* Morgan, *supra,* at 511.

(16) Even though it is presumed the proceedings were correct, when it cannot be deduced from the record whether rights were properly waived, the motion "must be heard." *Id.,* at 512.

(17) A denial of the aforesaid fundamental constitutional rights is the kind of deprivation which the writ of *coram nobis* is available to remedy, "otherwise a wrong may stand uncorrected which the available remedy would right." *See, e.g.,* Morgan, *supra,* at 511-512.

(18) Although the probation substituted for suspended sentence of incarceration has been "completed," Commissioner's Report and Recommendations, Freud, Comm'r, pg. 2 (Nov. 20, 2006), of Record, the adverse consequences resulting from conviction necessary for prosecuting a motion for writ of error *coram nobis* can be gleaned from the State's apparent intent to execute on the revised sentence by charging the Defendant with Contempt of Court. *See, id.,* at 4.

(19) Cause for not seeking relief earlier than Dec. 15, 2005 from the sentence imposed on Jan. 21, 1999 was that the Defendant had no knowledge of it until then, that he was not present at any such sentencing, that no formal summons from the court was ever personally received by him regarding the entry of the Jan. 21, 1999 sentence, that notation of sentence from the court by copy to previously court-appointed counsel cannot be used to impute actual knowledge of the sentence to the Defendant if there is nothing in the record to establish actual receipt by him of assistance, effective or otherwise, from such counsel after Jan. 27, 1997, that no agent of the Office of State Court Collections Enforcement apprised the Defendant in writing of a change in the sentence that

was originally imposed upon him on Jan. 27, 1997, and that the Defendant did not become aware of the new sentence until immediately before the enforcement proceeding of Oct. 20, 2004, when the Defendant was orally informed that the restitution being paid was not being paid to the victim but to a person whose losses stemmed not from the crimes charged to the Defendant but from the settlement of a civil action against the victim, which would appear to be depriving the Defendant of property without due process of law under Hughey v. United States, 495 U.S. 411, 413 (1990) (Restitution may only be awarded for the loss caused by the specific conduct that is the basis of a conviction. Ms. Warren's loss was not caused by the forgery or perjury alleged of the Defendant but by the action of representatives of the victim who decided rather than paying Warren's claims from assets of the victim that were initially sufficient to do so, they would expend those assets on opposing Warren. This ultimately resulted in a loss to Warren, but as you can see, the cause was not the specific conduct alleged of the Defendant, but the course of action embarked upon by the Adminstratrices of the Estate of Kenneth D. Howell. To order a defendant to make restitution to the victim of the offensive conduct of another in which the Defendant had no part would deprive the Defendant of property without due process of law under Hughey, at 422, fn. 5.); *See*, Hovey v. Elliott, 167 U.S. 409, 415 (1897)(Unless the Defendant receives notice of some kind, an actual notice from court or constructive notice through counsel, to a valid judgment affecting his rights, that judgment may not be relied upon by a tribunal of any government to disentitle the Defendant from seeking relief by challenging the jurisdiction of the court that entered it.); *see, also*, Johnson v. Zerbst, 304 U.S. 458, 468 (1938)(A court's jurisdiction at a hearing of trial such as sentencing, may be lost in the course of the proceedings due to a failure to complete the court, by a failure to summon the Defendant to appear for sentencing, as required. The purpose of the constitutional guarantee of the right to counsel is to protect one from being prosecuted for a sentence resulting

from his own ignorance of his legal and constitutional rights and would be unjustly nullified by a determination that the Defendant's ignorant failure to claim that right removes the protection of the Constitution. *Id.*, at 465. A proper waiver of such rights must be clearly determined by the court, and it is fitting and appropriate for the determination to appear on the record. *Ibid.* In the absence of which, the Sixth Amendment is a jurisdictional bar to a valid sentence. *Id.*, at 468.).

(20) Prejudice against the Defendant from such denial was the entry of a judgment against him affecting his rights to liberty and property guaranteed by due process of the 14th Amendment to the U. S. Constitution, in violation of the said fundamental Sixth Amendment protections, and Fifth Amendment right to finality of the sentence entered on Jan. 27, 1997 under United States v. Difrancesco, 449 U. S. 117, 128 (1980), for, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment[,]" Bradley v. United States, 410 U.S. 605, 609 (1973), and where the convicted defendant has a legitimate expectation of finality[7] in his sentence when the time to

---

[7] Unless the statutes relied upon by the State for imposing an order of restitution, cited in fn. 4, *ante*, explicitly provide for sentence modification, as in *DiFrancesco*, the sentence may not be altered in a manner prejudicial to the defendant after he has started serving the sentence. *See*, United States v. Jones, 722 F.2d 623, 638-39 (11th Cir.1983). Here, the defendant should not be charged with knowledge of any statute used to permit revision of his sentence because neither 11 Del. C. § 861, nor § 4106, explicitly provide for sentence revision. *See*, Hughey v. United States, 495 U.S. 411, 422 (1990)(Citing Crandon v. United States, 494 U.S. 152, 160 (1090): "Because construction of a criminal statute must be guided by the need for fair warning, it is rare that the legislative history or statutory policies will support a construction of a statute broader than that clearly warranted by the text."). The Commissioner's statement that "[t]here is no statutory authority that I am aware of that would prohibit a Court from modifying a sentence at any time, in the interest of justice[,]" Commissioner's Report and Recommendations, Freud, Comm'r, pg. 6 (Nov. 20, 2006), of Record, fails to take into consideration a constitutional right of a criminal defendant, in the absence of a statute authorizing review of sentence, to expect that once the time to appeal has expired, multiple punishments will not be imposed. Difrancesco, *supra*, at 136; North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Here, the restitution sentence that was imposed on the Defendant on Jan. 27, 1997 was a judgment against him under Delaware law that was immediately executable and enforceable which was a final judgment of conviction if not appealed thirty (30) days after the imposition thereof. *See*, fn. 5 and fn. 6, *ante*. The record of proceeds received by the prothonotary and deposited in the defendant's restitution account clearly

appeal has expired[,] see, Difrancesco, supra, at 136, "[t]he protection against the action of the same court in inflicting punishment twice must surely be as necessary, and as clearly within the maxim, as protection from chances or danger of a second punishment on a second trial[,]" Ex parte Lange, 85 U.S. 163, 169 (1873), and "its sweep is absolute." Difrancesco, supra, at 131; Benton v. Maryland, 395 U.S. 784 (1969)(The constitutional protections from Double Jeopardy are enforceable against the States through the Fourteenth Amendment.).

(21) "As we have said, sentencing is part of the prosecution." Bradley v. United States, 410 U.S. 605, 611(1973).

(22) "The time of sentencing is a critical stage in a criminal case ...." Mempa v. Rhay, 389 U.S. 128 (1967).

(23) "The constitutional right to presence [during prosecution] is rooted to a large extent in the Confrontation Clause of the Sixth Amendment[.]" United States v. Gagnon, 470 U.S. 522, 526 (1985); Pointer v. Texas, 380 U.S. 400 (1965)(The fundamental federal constitutional right to presence which is rooted in the Sixth Amendment Confrontation Clause and essential to a fair prosecution is obligatory on the States by the Fourteenth Amendment.).

(24) Upon the foregoing, the Defendant had the fundamental federal constitutional rights aforesaid, and now has exhausted or waived any statutory right of sentence review and should be allowed through the extraordinary remedy of *coram nobis* under the circumstances aforesaid, an

---

establish that he had begun to serve the restitution sentence imposed on Jan. 27, 1997 well before imposition of the revised sentence on Jan. 21, 1999, which, although the Supreme Court ventures no comment on this limitation, seems to suggest that the state courts, like federal courts, lack the common law authority to modify a sentence imposed once the Defendant has begun to serve that sentence. Difrancesco, *supra*, 134. The same prejudice suffered by violation of the right against the action of the same court in retrying a defendant after he has been convicted is no less obvious in inflicting penalty twice for the same crimes. See, Ex Parte Lange, 85 U.S. 163, 169 (1873).

opportunity to vindicate those rights "to achieve justice." Morgan, *supra*, at 511.

(25) However, "[c]an the court vacate that judgment entirely, and without reference to what has been done under it, impose another punishment on the prisoner on the same verdict?" United States v. Benz, 282 U.S. 304, 309(1931). Although, under Bozza v. United States, 330 U.S. 160, 166-167 (1947), sentencing is not a game in which a wrong move by the judge should mean immunity for the defendant, and a court should be able to set aside what it had no authority to do and substitute what is required by the law to be done, reimposition of the sentence that the court was barred by fundamental federal constitutional finality from modifying, and the loss of procedural jurisdiction from changing, in order to correct what it had no jurisdiction to do, may only be permitted if the punishment exacted can be credited as paid to the Estate of Kenneth D. Howell, contrary to the Letter[8] from Deputy Attorney General, Stacey Bonvetti, dated Mar. 28, 2005 and filed in this case on Apr. 10, 2005 with the Affidavits of the Administratrices of said Estate. *See,* North Carolina v. Pearce, 395 U.S. 711, 717-719 (1969)(If the punishment already paid cannot be credited as paid to the original payee, reimposition of the original sentence would unconstitutionally increase the defendant's original restitution obligation by the amount already paid to the revised payee, in violation of double jeopardy.).

(26) In the event that the Affidavits of the Administratrices of the Estate of Kenneth D. Howell are sufficient to show that Warren, by and through her attorney, William M. Chasanov, committed a fraud[9] upon the court by presenting a General Release that was not "executed" due

---

[8] "The minimal payments that have been received have been sent to a Ms. Margaret Ann Warren." Letter from Deputy Attorney General, Stacey Bonvetti, dated Mar. 28, 2005 and filed in this case on Apr. 10, 2005 attached to the Affidavits of the Administratrices of said Estate.

[9] By Order of the Delaware Supreme Court on February 22, 2005, William M. Chasanov was suspended by the Delaware Supreme Court for a period of six (6) months in connection with two separate client matters that involved knowingly making a false statement of material facts to

to not being signed[10] by aforesaid Administratrices, rendering the sentence "void for want of the due process required by the 14th Amendment," *see*, Old Wayne Mut. Life Ass'n. v. McDonough, 204 U.S. 8, 15 (1907), the next in line to inherit a residual restitution interest in the Estate would be the defendant, the brother of the decedent, who had no other issue, or a surviving spouse, and whose parents are no longer living, and such reversionary interest in restitution would rightfully pass to the party owing it, dating back to the death of the decedent, to offset the taking statutorily required for charging the Defendant in the first instance. *See*, 12 Del. C. §503. Nevertheless, if any of the Defendant's claims regarding loss of subject matter jurisdiction by Fifth Amendment finality or loss of procedural jurisdiction by Sixth Amendment violation of fundamental rights, were to obtain, it is clear from the Affidavits of the Administratrices of the Estate of Kenneth D. Howell that they have declared under penalty of perjury that they have no intent to reopen said Estate for any reason whatever. *See*, Affidavits, filed herein on Apr. 10, 2005, of Record. The Adminstratrices have offered, if necessary, to disclaim any continuing interest in any assets of the Estate to the Defendant, in the event that anyone would move to reopen the Estate for any reason whatever. It is unfortunate that the Administratrices did not communicate this disclaimer to the Defendant during opposition of Warren's claims against the Estate so that her claim to the eighty thousand dollars ($80,000.00) secreted to the decedent while she was collecting welfare, which she was later punished for, might have been resolved in a less wasteful manner. It is interesting

---

Family Court, engaging in an act of dishonesty, fraud, deceit or misrepresentation, and engaging in conduct prejudicial to the administration of justice. Matter of Chasanov, No. 508 (2004).

[10] Dep. Att. Gen., Stacey Bonvetti's Letter referred to *ante* in fn.8, clearly states, "The release was only signed by Ms. Warren and her attorney. Despite the fact that you both are mentioned on the release, due to your status as administratrices, neither of your signatures appears on it. ... Due to the fact that the general release does not appear to represent either of your signatures, I believe the Superior Court will be vacating this. This means that restitution will revert back to the original payee, The Estate of Kenneth Howell."

to note, however, according to an accounting statement filed in the Estate proceeding attached to the *Motion To Vacate Revised Order of Restitution*, aforesaid, Warren was paid $71,546.33 by the Estate. The value of the restitution order entered on Jan. 27, 1997 was $16,040.40. If one subtracts what Warren has already been paid by the Estate, from her $80,000.00 claim, attached to the said *Motion*, the difference due to her would only be $8,453.67. To substitute her as a new payee for the Estate has given her a windfall of $7,586.73. Given that the definition of restitution in Hughey, *supra*, means "restoring someone to a position he occupied before the particular event," *id.*, at 416, the sort of sentencing scheme employed here by the State, giving a person who was not the victim a windfall, will clearly exceed that definition in violation of the Defendant's right to liberty and property by due process of the 14th Amendment to the Federal Constitution. Hughey, *supra*.

DEFENDANT'S PRAYER FOR RELIEF:

(27) If no "correction can be made of the judgment, as where the court ha[s], under the law, no jurisdiction of the case, that is, no right to take cognizance of the offense alleged," *In re Bonner*, 151 U.S. 242, 262 (1894), the Defendant prays that he be discharged entirely because the criminal cause can no longer be legally prosecuted, *see*, Bradley v. United States, 401 U.S. 605, 609 (1973)("In the legal sense, a prosecution terminates only when sentence is imposed."), and, such other and further relief as will restore the Defendant to the status of an un-convicted person.

Respectfully submitted,

*[signature]*
Burl Anderson Howell
207 Dobbs Drive
La Grange, NC 28551
Phone No. (302) 229-8888

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

Burl A. Howell

v.

State of Delaware

NO.

COMPLAINT

Plaintiff resides at:

207 Dobbs Drive
La Grange, NC 28551

Defendant(s)' name(s) and address(es), if known:

State of Delaware
℅ John Williams, Dep Att. Gen.
102 W. Water St.
Dover, DE 19904

1

Jurisdiction in this court is based on:
The All-Writs Act, 28 U.S.C. 1651 (a)

The acts complained of in this suit concern:
See: attached Motion To Vacate Judgment of Conviction and Sentence For Violation of the Constitution or Laws of the United States

(If you need more space, or wish to include any further information for consideration, please attach additional sheets.)

I seek the following relief:

See: Defendant's Prayer For Relief on page 11 of said Motion.

March 6, 2008
DATE

[signature]
SIGNATURE OF PLAINTIFF

207 Dobbs Drive
La Grange, NC 28551

(302) 229-8888

ADDRESS AND PHONE NUMBER OF PLAINTIFF

3



Burl A. Howell
207 Dobbs Dr.
La Grange, NC 28551-7666

United States District Court
For The Eastern District
of North Carolina
P.O. Box 25670
Raleigh, NC
27611

MAR 12 REC'D



