IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

FILED

JUL 0 1 2008

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| BURL ANDERSON HOWELL | ) |
| | ) |
| Movant, *pro se* | ) |
| | ) |
| VS. | ) |
| | ) Civil Action No. 5:08-HC-2036-FL |
| STATE OF DELAWARE | ) |
| | ) |
| Respondent | ) |
| | ) |
| | ) |

## MOTION TO AMEND COMPLAINT

Burl Anderson Howell (hereinafter, "Complainant"), pursuant to F.R.C.P. 15(a)(1)(A), moves *pro se* to amend his Complain in the above captioned action. As reasons therefore in support hereof he states the following:

(1) On June 30, 2008, the Complainant received a notification from the Social Security Administration that the Kent County Superior Court, 38 The Green, Dover, DE 19901, phone 302-739-3184, has issued a warrant for Complainant's arrest for a felony crime or violation of Federal or State probation or parole on February 20, 2008 regarding the conviction and sentence challenged by the Complainant in the above-captioned action: warrant no. U800004016, OCA no. same, NCIC no. W023879847.

(2) Said notification indicates in no uncertain terms that unless the matter is resolved by the Complainant his permanent and total disability benefits will be stopped unless the Social Security Administration hears from the Complainant within 30 days from the date postmarked on the subject notification: June 26, 2008.

(3) Social Security Records show that benefits may continue if the warrant issued was for a crime that was both nonviolent and not drug related, and, Complainant's medical condition impairs his mental capacity to resolve the warrant, but the Complainant must neither have been convicted of or pled guilty to any other felony crime since the warrant was issued on Feb. 20, 2008, which is true, however, the law enforcement agency that issued the warrant must also be **unwilling** to act on it by taking action to extradite the Complainant.

(4) Based on the above-mentioned NCIC filing and corresponding number thereof, the Complainant's restraint or confinement on the aforesaid warrant would appear to be imminent for satisfying the custody requirement for re-characterization of the above-captioned action as a petition for writ of habeas corpus under 28 U.S.C. § 2254 under Hensley v. Municipal Court, 411 U.S. 345, 351 1973)(The custody requirement is satisfied by imposition of a restraint that is not shared by the public generally, i.e. "obligation to appear at all times and places ordered," "his incarceration is not, in other words, a speculative possibility," and an argument that Complainant is not in custody "would do no more than postpone this habeas corpus action." *Id.* at 351-352.)

(5) A detainer is not necessary to challenge the constitutionality of a "future custody" by a sentence sought to be enforced by incarceration upon a charge of contempt for failing to appear after exhaustion of state remedies. See, e.g., Peyton v. Rowe, 391 U.S. 54 (1968); See, Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(b)(Applicants Subject to Future Custody, et cetera).

(6) So long as the nominal custodian, Kent County Superior Court, in and for the State of Delaware, and the Attorney General thereof, can be reached by service of process this Court can exercise its habeas jurisdiction over that party and the party of the habeas petitioner in this State and grant the relief requested. See, Braden v. 30th Judicial Circuit Court of KY., 410 U.S. 484,

495 1973)(Concurrent jurisdiction and venue are available); See, Habeas Rule 4.

(7) Wherefore, the following amendments to the above-captioned Complaint are hereby respectfully requested:

(a) that the caption be amended to reflect the aforesaid nominal custodian and attorney general as respondents;

(b) that the jurisdictional statement be amended to include 28 U.S.C. § 2254(a) as an alternative to, or in addition to, jurisdiction pled under 28 U.S.C. § 1651, and other authority deemed necessary and proper by this Honorable Court for plenary consideration hereof;

(c) that para. 3 of said Complaint be corrected where "fifty" should read "eighty;"

(d) that para. 8 be corrected where "2005" should read "2004;"

(e) that para. 10 be corrected as para. 8;

(f) that para. 19 be corrected as para. 8;

(g) that footnote 7 be corrected where "1090" should read "1990" and the extra period on line 15 in that note be omitted;

(h) that para. 20 be corrected by adding a " after *expired[,]*;

(i) that para. 21 be corrected by a space be added between "U.S." and 605;

(8) And Complainant respectfully requests that his Prayer for Relief be amended to give him an opportunity to seek further and additional relief that would be necessary but not presently known to him in order to accord full relief from said warrant or other state action;

(9) And Complainant respectfully requests that this Honorable Court require Respondent to file an answer to his Complaint in the form prescribed by Rule 5 of said rules, including but not limited to the issue of admitting or denying whether or not the State of Delaware intends to extradite Complainant on the aforesaid warrant so that Complainant can advise Social Security

Administration of same to avoid the loss of his sole means of support; copies of all accurate and complete records of any documents and proceedings relevant to Complainant's conviction and sentence, enforcement proceedings, et cet., including documents, transcripts, and any and all of the records of *In re The Estate of Kenneth D. Howell;*

(10) And the Complainant be permitted to utilize the procedures for discovery in Habeas Rule 5 to the extent necessary to fully develop and identify the facts supporting his Complaint;

(11) And the Honorable Court conduct an evidentiary hearing with an opportunity for the Complainant to testify and call witnesses and subpoena evidence in support of his Complaint and to raise affirmative defenses to defenses raised in Respondent's answer;

(12) And permit Complainant sufficient time to brief the issues of law raised in aforesaid Complaint;

(13) And that the Honorable Court issue a writ of Habeas Corpus to direct Respondents to release the Complainant from aforesaid warrant as an unconstitutional future custody or restraint against his liberty.

(14) And that such other and further relief as may be appropriate.

Respectfully submitted,

Burl Anderson Howell
207 Dobbs Drive
La Grange, NC 28551
Phone No. (302) 229-8888



Mr. Burl A. Howell
207 Dobbs Dr.
La Grange, NC 28551

FIRST CLASS

United States District Court
Office of The Clerk
P.O. Box 25670
Raleigh, NC 27611

JUL - 1 2008



U.S. POSTAGE PAID
GOLDSBORO, NC
27534
JUN 30, 08
AMOUNT
$1.17
0098299-16