IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-HC-2036-FL

| | | |
|---|---|---|
| BURT ANDERSON HOWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondent. | ) | |

Burt Anderson Howell petitions this court for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a), challenging the sentence he received in the Kent County Superior Court in Dover, Delaware. This matter is before the court for an initial review under 28 U.S.C. § 2243. Also before the court is petitioner's motion to amend his petition (DE # 3). These matters are ripe for adjudication.

Petitioner filed a motion to amend his petition to add a claim pursuant to 28 U.S.C. § 2254(a). A party is allowed to amend his complaint once as a matter of right before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend the party's pleading only by leave of court and leave shall be given when justice so requires. Id.[1] No responsive pleading has been filed in this action. Accordingly, petitioner's motion to amend is GRANTED. The court now must conduct an initial review of petitioner's petition and amended petition.

---

[1] A party also may amend after obtaining written consent from the opposing party. Fed. R. Civ. P. 15(a). No such consent has been provided here.

Petitioner seeks relief pursuant to a writ of error coram nobis. The writ of error coram nobis was abolished and replaced by Federal Rule of Civil Procedure 60(b). United States v. Beggerly, 524 U.S. 38, 44 (1998). Even if petitioner could proceed with his petition, it still would be dismissed because a writ of error coram nobis had to be brought in the same court that convicted and sentenced the defendant. See Thoms v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964) (per curiam); see also Finkelstein v. Spitzer, 455 F.3d 131, 2006 WL 1902742, at *2 (2d Cir. July 11, 2006) (per curiam); In re Fiorani, 239 Fed. Appx. 818, 2007 WL 2554143, *1 (4th Cir. Sept. 5, 2007) (unpublished). This court was not the sentencing court; rather, petitioner was sentenced by the Kent County Superior Court, which is located in the state of Delaware. Therefore, petitioner's petition is DISMISSED without prejudice as to his request for a writ of error coram nobis under 28 U.S.C. § 1651.

Petitioner also alleges a claim pursuant to § 2254, challenging his Delaware conviction and sentence. A § 2254 petition must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's custodian. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-500 (1973). Petitioner argues that the state of North Carolina has custody over him because he resides within the state and because the state of Delaware has issued a warrant for his arrest. Petitioner, however, admits in his amended petition that the state of North Carolina has not acted on the warrant. Accordingly, it is clear from the face of petitioner's amended petition that the state of North Carolina does not have custody of him. Rather, the more appropriate venue for petitioner's action is the state of Delaware because that is where the warrant was issued and where petitioner was convicted. Therefore, based upon the foregoing, the matter should be transferred to the United States District Court for the District of Delaware.

In sum, petitioner's motion to amend (DE #3) is GRANTED. Petitioner's petition for a writ of error coram nobis is DISMISSED without prejudice. Finally, it is ORDERED that this action is TRANSFERRED to the United States District Court for the District of Delaware for further proceedings on petitioner's § 2254 petition.

SO ORDERED, this the 10²ᵈ day of July, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge