Burl Anderson Howell
207 Dobbs Drive
LaGrange, NC 28551                          Movant, *Pro Se*
302-229-8888

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Burl Anderson Howell, | ) |
| Movant | ) Habeas Civil No. 1:08-CV-432-GMS |
| v. | ) originally transferred from: |
| | ) Civil Action No. 5:08-HC-2036-FL |
| State of Delaware, | ) in the U.S. Dist. Ct. For the Eastern |
| | ) Dist. Of North Carolina, West. Div. |
| Respondent | ) |

MOTION FOR TRANSFER OF CASE TO MORE CONVENIENT FORUM

Movant, Burl Anderson Howell (hereinafter "Movant"), *pro se*, hereby pursuant to 28 U.S.C. § 1404(a) and 2241(d), moves in a special appearance to contest jurisdiction before any respondent is served, to transfer his habeas action to a more convenient forum for prosecution.

1. Movant's original motion for a writ of *coram nobis* was filed on March 12, 2008 in the United States District Court for the Eastern District of North Carolina, Western Division.

2. Movant's original motion was amended to include a habeas petition, was *sua sponte* transferred to this court, and filed here on July 23, 2008.

3. Chief Judge Louise W. Flanagan entered her *Order* transferring the above-captioned action to this court on July 10, 2008 under Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-500 (1973)(According to Judge Flanagan, "[a] § 2254 petition must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's custodian.").

-1-



FILED
AUG -7 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4. The Movant applied for a certificate of appealability of said *Order* on July 15, 2008 to the Fourth Judicial Circuit Court of Appeals challenging Judge Flanagan's discretion to transfer a habeas action pursuant to Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973) when the dicta of Braden, *supra*, at 497, gives such petitioner the "option of seeking habeas corpus relief either in the district where he is confined or the district where the sentencing court is located[,]" reserving the question "whether, if no detainer had been issued against him, petitioner would be sufficiently 'in custody' to attack [a *capias* alone] by an action in habeas corpus[,]" *id.*, at 489, fn. 4, and limiting the discretion to transfer such suit to the ordinary case of a "State which has lodged the detainer." *Id.*, at 499, fn. 15; *see,* Maleng v. Cook, 490 U.S. 488 (1989)(The placing of a detainer is sufficient to put a habeas applicant "in custody" for habeas purposes, which one might reasonably presume may include the transfer of a habeas petition to a district court whose territorial jurisdiction geographically encompasses the state court of conviction for obtaining *in personam* jurisdiction over it.); *cf.* Ahrens v. Clark, 335 U.S. 188, 193 (1948)(Overruled by the Supreme Court's decision in Braden, *supra*, but still good law concerning the requirement of a petitioner being "in custody" which is a restriction that Congress has placed on the power of the district courts to act in such cases, the absence of which is a jurisdictional defect which may not be waived and which requires dismissal in cases wherein no detainer has been issued unless the circumstances of this case in the absence of a detainer constitute a new type of "custody" which is now "ripe for adjudication." Order, p. 1, para. 1, Flanagan, C.J., of Record); *compare* Hensley v. Municpal Court, 411 U.S. 345, 534 (1973)(Concurring Op.)("The Court apparently feels, like Faust, that it has in its previous decisions already made its bargain with the devil, and it does not shy from this final step in the rewriting of the statute [28 U.S.C. 2241(c)(3), 2254(a), p. 348].").

5. This "option" is possible because *in personam* jurisdiction over a nominal custodian is available in both districts, one whose geographical territory includes the state court of conviction and the other in which the nominal custodian is merely "present." Strait v. Laird, 406 U.S. 341, 345 (1972).

6. Here, no detainer was issued in North Carolina against the Movant so no *in personam* jurisdiction over the nominal custodian will be possible by transfer to the U. S. District Court for the District of Delaware on that basis. *See*, Braden, at 499, fn. 15; *see also*, Maleng, *supra*.

7. Instead, the nominal custodian "enlisted the aid," Strait, at 344, of the Social Security Administration (SSA) as a law enforcement agency under the Social Security Protection Act of 2004, P.L. 108-203, that prohibits benefit payments to fugitive felons under the SSDI program which went into effect on January 1, 2005, *see,* The CRS Report RL32089, *The Social Security Protection Act of 2004 (H.R. 743),* imposing an obligation on the Movant to appear before said court regarding its outstanding warrant against him, rendering such nominal custodian "present" by its agent (SSA) within the territory of a North Carolina District Court and thus "amenable to process." Strait v. Laird, 406 U.S. 341, 345, fn. 2 (1972); *see,* Rules Governing Section 2254 Cases in the U.S. District Court, Rule 4(Process "shall be served by certified mail.").

8. "Under 28 U.S.C. § 1404(a), a federal district court in which a civil action has been brought is not empowered to transfer the action on the motion of the defendant [or, *sua sponte*] to a district in which the plaintiff did not have a right to bring it, " Hoffman v. Blaski, 363 U.S. 335, 335-344 (1960), but, "[w]herever one is assailed in his person or his property, there he may defend, for the liability and the right are inseparable," Hovey v. Elliott, 167 U.S. 409, 414 1897), because, "[a] proceeding by habeas corpus in a court of competent jurisdiction is appropriate for

determining whether the accused is subject, in virtue of the warrant of arrest, to be taken as a fugitive from the justice of the state in which he is found to the state whose laws he is charged with violating." People of the State of Illinois Ex Rel McNichols v. Pease, 207 U.S. 100, 109 (1907).

IN SUM, North Carolina is where Movant was born, lives with his wife, and together they own real property, personal property, file tax returns, are licensed and insured to drive a motor vehicle, received medical care from the Veterans Administration, and food stamps and social security disability insurance benefits from the state and federal governments, and if he must travel five hundred (500) miles to Delaware to present his case he will be forced to incur impossible financial hardship considering the meager amount of income they receive from the Social Security Administration; his witnesses are not present in Delaware but live in Maryland and North Carolina, to wit, his wife and the representatives of the Estate of Kenneth D. Howell who have sworn affidavits in support of his case; however the balance of convenience may be struck with reference to the question of venue, the choice of forum should be controlled by the option of the Movant under the Supreme Law of the Land in Braden, *supra*; whatever response the State of Delaware may need to file regarding production of records to be served on Movant by mail in North Carolina must not be permitted to override the Supreme Law of the Land that invalidated an "inflexible jurisdictional rule, dictating the choice of an inconvenient forum even in a class of cases which could not have been foreseen at the time of [Ahrens]." Braden, p. 500.

Respectfully submitted,

/s/ Burl Anderson Howell
Burl Anderson Howell
207 Dobbs Drive
LaGrange, NC 28551
Phone (302) 229-8888

Date: August 4, 2008